15-1599
*Rizvi v. Town of Wawarsing*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 24th day of June, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
             JOSÉ A. CABRANES,
                        *Circuit Judge*,
             LEWIS A. KAPLAN,
                        *District Judge*.*

_____

SHAHIDA RIZVI, d/b/a COLONIAL MOTEL,

                *Plaintiff-Appellant*,
              v.                                                    No. 15-1599

TOWN OF WAWARSING,

                *Defendant-Appellee*,

SCOTT CARLSON, individually and as Supervisor of
the Town of Wawarsing, DAN JOHNSON, individually
and as Town Councilman of the Town of Wawarsing,
TERRY HOUCK, individually and as Town
Councilman of the Town of Wawarsing, ULSTER
COUNTY,

                *Defendants*.

_____

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:    ROBERT N. ISSEKS, Middletown, NY (Mark D. Stern, Goshen, NY, *on the brief*)

For Defendant-Appellee:    MICHAEL J. MURPHY (William C. Firth, *on the brief*), Carter, Conboy, Case, Blackmore, Maloney & Laird, PC, Albany, NY

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

Plaintiff-Appellant Shahida Rizvi appeals from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*), entered April 23, 2015, dismissing her complaint. Rizvi's claims relate to an ordinance, Local Law No. 2 of 2011 ("Local Law No. 2"), enacted by the Town Board of defendant Town of Wawarsing ("Town"). Among other things, Local Law No. 2 prohibits hotels and motels within the Town from permitting any guest to stay there for more than thirty consecutive days or more than ninety days in a calendar year. Rizvi owns and operates the Colonial Motel, an eighteen-room motel located in the Town. Most or all of the Colonial Motel's guests are convicted sex offenders who have been placed there for long-term stays by the Ulster County Department of Social Services. Rizvi alleges, as relevant here, that Local Law No. 2 is preempted by New York's laws relating to sex offender registration and residency, and that the Town enforced Local Law No. 2 against the Colonial Motel but not against similarly situated motels in violation of the Equal Protection Clause of the Fourteenth Amendment. The district court dismissed Rizvi's preemption claim for failure to state a claim and granted summary judgment in the Town's favor on her equal protection claim. We assume

2

the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We turn first to Rizvi's equal protection claim. We review a district court's order granting summary judgment *de novo*, "construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). Rizvi asserts a class-of-one equal protection claim, which requires that she prove that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In order to succeed on such a claim, a plaintiff "must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). Thus, Rizvi must show, at a minimum, that the Colonial Motel was treated differently from a similarly situated comparator—*i.e.*, that another hotel or motel within the Town was in violation of Local Law No. 2 but was not penalized. At summary judgment, the district court concluded that the record lacked sufficient evidence that such a comparator existed. We agree.

Rizvi's only evidence of a similarly situated comparator was her own deposition testimony, in which she asserted that an individual named John had lived for several years at another motel in the Town, the Continental Motel. Not only was this testimony vague and conclusory, it provided no basis to support a finding that Rizvi had personal knowledge of where John resided and when. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) ("[O]nly admissible evidence need be considered by the trial court in ruling on a

motion for summary judgment." (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997))).

Accordingly, the district court did not err by granting summary judgment in the Town's favor.

Rizvi's remaining claim is that Local Law No. 2 is preempted by New York's extensive laws regulating sex offenders, including their placement in local communities. *See People v. Diack*, 24 N.Y.3d 674, 679–80 (2015). At the time the Town moved to dismiss, Rizvi's federal equal protection claim was still pending, and this state-law claim therefore fell within the district court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) (providing that the district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) ("[T]he federal claim and state claim must stem from the same 'common nucleus of operative fact' . . . ." (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))). However, having affirmed the dismissal of Rizvi's federal claim, we must consider whether the continued exercise of federal jurisdiction is appropriate. *See Oneida Indian Nation of N.Y. v. Madison Cty.*, 665 F.3d 408, 436–40 (2d Cir. 2011).

The supplemental jurisdiction statute provides that a federal court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This is just such a case.

First, because Rizvi's preemption claim was dismissed on the Town's Rule 12(b)(6) motion, neither the court nor the parties have invested substantial effort in litigating it. Accordingly, declining to exercise supplemental jurisdiction over this claim is consistent with the interests of judicial economy and convenience.

Second, "[w]e have repeatedly held that a district court particularly abuses its discretion when it retains jurisdiction over state-law claims raising unsettled questions of law following dismissal of all original-jurisdiction claims." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006) (collecting cases). For example, we have held that a district court abused its discretion where the state law claim "require[d] a balancing of numerous important policies of state government," including "the relationship between state and municipal entities." *Seabrook v. Jacobson*, 153 F.3d 70, 73 (2d Cir. 1998). Here, Rizvi's preemption claim raises unsettled questions of New York law that implicate the balance between state and local entities. The New York courts are better suited than we are to address these questions in the first instance. The principle of comity therefore weighs heavily against the continued exercise of federal jurisdiction.

Finally, counsel for both sides agree that, if the preemption claim were dismissed for lack of jurisdiction, the applicable statute of limitations would not bar Rizvi from re-filing her claim in state court. Accordingly, we see no unfairness in declining to exercise supplemental jurisdiction in this case. We therefore do not reach the merits of Rizvi's preemption claim. Instead, we vacate the judgment of the district court and remand with instructions to dismiss that claim for lack of subject-matter jurisdiction without prejudice to Rizvi's re-filing in an appropriate forum.

For the reasons given, we **AFFIRM** the judgment of the district court with respect to Rizvi's equal protection claim. We **VACATE** the judgment of the district court with respect to Rizvi's state law preemption claim and **REMAND** with instructions to dismiss that claim without prejudice for lack of subject-matter jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk